Statement.

## Wytheville.

### Town of Hampton v. Jones and Others.

#### June 14, 1906.

1. Public Officers—*Compensation—Case in Judgment.*—The treasurer of Elizabeth City county was *ex-officio* treasurer of the town of Hampton, his term of office to expire July 1, 1903, which term, however, was extended by the schedule to the Constitution to January 1, 1904. On September 16, 1903, under statutory authority, a separate treasurer for the town of Hampton was duly appointed, and qualified as such and entered upon the discharge of the duties of his office. In an action by the town against the first treasurer to recover moneys in his hands, he claimed credit, as an offset, for commissions on all sums collected by the separate treasurer of the town.

*Held:* He was not entitled to commission on any sums collected after January 1, 1904—not as treasurer *de jure,* because his term of office had expired, nor as treasurer *de facto,* because the duties of the office had been performed by the separate treasurer of the town, who had been appointed and had qualified as such.

Error to a judgment of the Circuit Court of Elizabeth City county in a proceeding by motion, after notice, against a treasurer and his sureties. All matters of law and fact were submitted to the court for its determination without the intervention of a jury. Judgment for the plaintiff subject to the defendant's set-offs. Plaintiff assigns error in the allowance of set-offs.

*Reversed.*

The opinion states the case.

*S. Gordon Cumming* and *F. S. Collier,* for the plaintiff in error.

*Jones & Woodward,* for the defendant in error.

Keith, P., delivered the opinion of the court.

The town of Hampton, upon motion, recovered against Jesse S. Jones, former treasurer of Elizabeth City county, and as such treasurer of the town of Hampton, and his sureties upon his official bond, the sum of $2,901.44, with interest, subject to a set-off of $1,988.42, of which $299.33 is to be credited as of the 26th day of December, 1903, and the residue, $1,689.09, as of the date of the judgment; and to that judgment the town of Hampton obtained a writ of error.

The facts are as follows: The town of Hampton is a municipal corporation, created by an act of the General Assembly of Virginia, approved May 23, 1887. By section 11 of said act the treasurer of Elizabeth City county was constituted *ex-officio* treasurer of said town. In May, 1899, Jesse S. Jones was elected treasurer of Elizabeth City county and qualified as such on July 1, 1899, on which day his term of office began. He served as such for the full term, and in such capacity acted as treasurer *ex-officio* of the town of Hampton, receiving and disbursing its revenues according to law.

Under section 11 of the schedule of the Constitution, which went into effect July 10, 1902, the term of office of Jesse S. Jones, along with other officers enumerated in said section, was extended until January 1, 1904, upon his giving bond in accordance with the provisions of section 17 of the schedule, which he did.

By an act approved May 15, 1903, and in force from its passage, the charter of the town of Hampton was amended and re-enacted so as to provide for the election by the qualified voters of said town, on the second Tuesday in June, 1903, and every

two years thereafter, of a town treasurer, who should be an elector of the said town, and who should enter upon the duties of his office on the 1st day of September next succeeding his election, provision being made in the act for his executing a bond.

Pursuant to the amendment to the charter, Alonzo A. Patrick was elected treasurer of the town of Hampton on the second Tuesday in June, 1903, and was awarded a certificate of election to said office without contest. Patrick, however, was unable to procure a guaranty company to act as his surety prior to the 1st of September, 1903, but on the 11th of that month, during the September term of the County Court of Elizabeth City county, Patrick presented his certificate of election as town treasurer to the court and asked leave to qualify as such; whereupon Jones appeared by counsel and resisted the motion. On September 16th the court decided that the failure of Patrick to qualify prior to the first day of September, 1903, vacated the office of town treasurer of the town of Hampton, that a vacancy existed and the court thereupon appointed Patrick town treasurer of the town of Hampton. Patrick qualified by taking the oath of office required by law, and executing bond with the Fidelity and Deposit Company of Maryland as surety, which surety and form of bond had been duly approved by the council of the town of Hampton. The town forthwith directed Jones, who continued to hold the papers, books, moneys and other property of the town of Hampton in his possession, to deliver the same to Patrick, and provided in the same resolution that the receipt of Patrick should release Jones and his bondsmen from all liability for all papers, books, moneys and other property of the town of Hampton comprehended in the receipt to be given by Patrick. Patrick presented a certified copy of this resolution to Jones, who refused.

to deliver to said Patrick the whole or any part of the books, papers, moneys and other property of the town of Hampton in his possession.

It further appears that the town and Patrick, as town treasurer, petitioned the judges of the Supreme Court of Appeals, at Richmond, for a writ of mandamus to compel and require Jones to forthwith assign, transfer, and deliver the said books, papers, money, etc., to Patrick, but that said writ of mandamus was refused by the said court, no reason for such refusal being given.

It further appears that Patrick has received up to and including the 28th day of February, 1905, as compensation for the performance of his duties as treasurer of the town of Hampton, the sum of $1,735.35, of which $299.33 was for commissions on collections before December 26, 1903. From February 28, 1905, to May 30, 1905, Patrick collected for the town $5,071.51, on which his commissions are $255.57. It further appears that Patrick, since the 18th day of September, 1903, has faithfully performed the duties of town treasurer, receiving municipal revenues and applying them under the direction of the town council of Hampton, pursuant to law.

It thus appears that compensation is demanded from the town of Hampton by two treasurers—Jesse S. Jones, claiming to be the treasurer *de jure,* and Patrick, who had actually performed the duties of the office, also receiving commissions upon the revenues collected by him. It is not disputed that Jones, at the date of the judgment, had in his possession moneys of the town, amounting to $2,901.44. He claims, however, that he was entitled to a commission upon all the revenues which had been, in point of fact, collected by Patrick, and this contention the Circuit Court allowed.

In this ruling we are of opinion that there was error. From

the 1st day of January, 1904, the period to which, by force of section 11 of the schedule to the Constitution, his term of office as treasurer of the county of Elizabeth City had been extended, his *ex-officio* authority as treasurer of the town of Hampton, growing out of his incumbency of the office of county treasurer, ceased and determined, and after that day he was not entitled, as officer *de jure* or *de facto,* to collect revenues belonging to the town of Hampton—not as an officer *de jure,* because his term of office had expired; not as officer *de facto,* because the duties of the office had since the previous September been performed by Patrick, who had been appointed and qualified as treasurer of the town of Hampton.

We are of opinion, therefore, that there is error in the judgment to the extent of $1,689.09, and that the proper judgment to be rendered is, that the town of Hampton do recover against Jesse S. Jones and his sureties the sum of $2,901.44, with interest from the 1st day of September, 1903, until paid, to be credited by the sum of $299.33 as of the 26th day of December, 1903.

*Reversed.*